FILED

99 APR 30 PM 3:11

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

APR 30 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES FIDELITY & }
GUARANTY COMPANY, }
 }
    Plaintiff, } CIVIL ACTION NO.
 }
v. } 98-AR-2697-S
 }
TOWN OF SNEAD, ET AL., }
 }
    Defendants. }

## MEMORANDUM OPINION

Presently before the court is a motion for summary judgment filed by plaintiff, United States Fidelity & Guaranty Company ("USF&G"). USF&G seeks declaratory judgment as a matter of law in its action against defendants, the Town of Snead, Lee Wade, Tim Kent, and Angelito Guajardo. All defendants except Angelito Guajardo have responded to the motion. For the reasons hereinafter stated, the court finds that the motion is due to be granted.

### Background

USF&G is an insurance company incorporated, organized, and having its principal place of business in Minnesota. In June of 1996, USF&G issued a commercial insurance policy to the Town of Snead ("the Town"). The policy period commenced on June 13, 1996 and ended June 13, 1997. The policy obligated USF&G, *inter alia*, to defend the Town against all liability claims covered by the insurance contract and indemnify the Town for any damages the Town became obligated to pay. The policy made USF&G's duty to defend and to indemnify contingent on the fulfillment of several conditions. One such condition required the Town to notify USF&G "as soon as practicable" of any claims or potential claims asserted against the

Town.[1]

On November 26, 1996, the Town received a notice pursuant to § 11-47-192 of the Alabama Code, alerting the Town of a potential claim against it by Angelito Guajardo ("Guajardo"). Via letter from his attorney and his own sworn statement, Guajardo informed the Town that he would be seeking one million dollars ($1,000,000) in damages for serious bodily injury allegedly sustained by him as a result of the acts of Officer Lee Wade ("Officer Wade") and Reserve Officer John Bryant ("Officer Bryant"), both officers employed by the Town of Snead Police Department. Specifically, Guajardo claimed that Officers Wade and Bryant confronted him in the parking lot of his apartment complex and, acting under color of law and pursuant to a written or unwritten policy of the Town of Snead,

---

[1] The policy stated in pertinent part:
   SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS
   * * *
   2. **Duties in The Event Of Occurrence, Offense, Claim or Suit.**
      a. You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim. To the extent possible, notice should include:
         (1) How, when and where the "occurrence" or offense took place;
         (2) The names and addresses of any injured persons and witnesses; and
         (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
      Notice of an "occurrence" or offense is not notice of a claim.
      b. If a claim is received by any insured, you must:
         (1) Immediately record the specifics of the claim and the date received; and
         (2) Notify us as soon as practicable.
      You must see to it that we receive written notice of the claim as soon as practicable.
      c. You and any other involved insured must:
         (1) Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or a "suit"
   *Ex. B to Pl.'s Mot. Summ. J.*

shot him and inflicted serious bodily injury without provocation. (*Ex. C to Pl.'s Mot. Summ. J.*).

Guajardo eventually filed a complaint pursuant to 42 U.S.C. § 1983 (with pendant state claims) in federal court. The complaint, filed on September 2, 1998, named as defendants the City of Snead, Officer Wade, and Police Chief Tim Kent ("Chief Kent").[2] The action is styled *Guajardo v. Town of Snead*, CV-98-RRA-2235-S. It is currently pending before a Magistrate Judge in the United States Court for the Northern District of Alabama.

On October 23, 1998, USF&G filed the instant declaratory judgment action seeking a declaration under 28 U.S.C. § 2201 that it owes no duty to defend and/or indemnify the Town, Officer Wade, Chief Kent, or Guajardo for expenses and/or damages incurred as a result of the underlying action. According to USF&G, it owes no such duty because the defendants did not comply with the policy requirement that they notify USF&G of Guajardo's claim "as soon as practicable."

The parties do not dispute that the Town was adequately notified of Guajardo's claim or potential claim on November 26, 1996. For purposes of the present motion, there is also no dispute that, in November and again in December of 1996, Rae Ware, the Town Clerk, discussed the

---

[2] The complaint avers that Officer Wade's use of excessive force deprived Mr. Guajardo of rights guaranteed by the Fourth and Fourteenth Amendments. Mr. Guajardo also claims that the Officer Wade deprived him of rights guaranteed by the Eighth and Fourteenth Amendments while acting under the direction or control of the City of Snead and Police Chief Tim Kent ("Chief Kent") and that Chief Kent, directly or indirectly, approved and ratified Officer Wade's conduct. Mr. Guajardo further asserts that Chief Kent and the Town intentionally, knowingly, and recklessly failed to train, instruct, supervise, control, and discipline the employees of the City of Snead. Mr. Guajardo claims that the actions or inactions of Chief Kent and the City of Snead deprived him of rights secured by the Fourth and Fourteenth Amendments.

incident involving Guajardo with William Young ("Young") of the Willis Insurance Agency ("Willis"). The parties also appear to agree that Young did not notify USF&G of Guajardo's claim or potential claim until September 8, 1998. No evidence has been submitted suggesting that Guajardo, Officer Wade, or Chief Kent notified USF&G at any time of the claims asserted against the Town.

### Existence of an Agency Relationship

Neither USF&G nor the Town[3] presents information as to the nature of the relationship between Willis, Young, the Town, and USF&G. The Town contends that notice to Young at Willis satisfied its obligation to notify USF&G of the claim "as soon as practicable." Implicit in the Town's position is the assumption that Willis, and Young in particular, are agents of USF&G. If Willis and Young are USF&G agents, then notice to them constitutes notice to USF&G. See ALA. CODE § 8-2-8 (1975); *National Security Fire & Casualty Co. v. Coshatt*, 690 So.2d 391, (Ala. 1996) ("Notice to the company's agent is notice to the company.")

The Town, however, has presented no evidence to suggest, much less to demonstrate, that Willis and Young are agents of USF&G. The Town has presented no evidence that Willis had any type of contractual relationship with USF&G, that the Town purchased its USF&G through Willis, or that Willis has any sort of contractual relationship with the Town. The only evidence that can be construed as supporting the Town's assumption of an agency relationship is an affidavit from Young, in which he states that "USF&G has accepted notice of claims filed with this agency

---

[3] Defendants Officer Wade, Chief Kent, and the Town have filed a joint brief. Throughout this opinion, these defendants will be referred to collectively as the "the Town."

4

and reported to them in previous cases . . . it is standard procedure for me to have all policyholders report losses to me, and then they are reported to USF&G . . ." (*Ex. A to Defs.' Resp. to Pl.'s Reply*). The mere fact that USF&G has reacted to notice of claims from Young in previous cases does not meet the level of proof required to demonstrate that Young had the necessary an agency relationship in <u>this</u> case. Moreover, the USF&G policy issued to the Town requires the insured to "see to it" that USF&G actually receives notice. (*Ex. B to Pl.'s Mot. Summ. J.*). This phrasing suggests that USF&G is not particular about the source of the notice. It does, however, require actual notice from <u>someone</u>.

USF&G maintains that neither Willis nor Young is an agent of USF&G. In its reply brief, USF&G states "[t]he defendants have produced no evidence, and can produce no evidence that the Willis Agency, Inc. is an agent for purposes of notice to USF&G. Rather, the Willis Agency, Inc. is an agent for the Town of Snead." (*Pl.'s Reply,* at 2.). USF&G's evidentiary submissions support this position. The contract between USF&G and the Town does not name, allude to, or mention Young or Willis at any point. In fact, the contract defines "we," "our," and "us" -- words that could arguably be interpreted expansively -- as "the Company providing this insurance." (*Ex. B to Pl.'s Mot. Summ. J.*). The Company providing the insurance is USF&G. References to agents are conspicuously absent throughout the contract. Without the existence of an agency relationship between USF&G and Willis and/or Young, express or ostensible, notification to Young did not satisfy the Town's obligation to provide USF&G with notice of Guajardo's claim.

### "As Soon as Practicable"

As stated, because Young is not an agent of USF&G, any notice that

Young received cannot be imputed to USF&G. While Young may have known of the claim since November of 1996, USF&G did not receive notice of Guajardo's claim until nearly two years later. Such notice can only be deemed "as soon as practicable" if it was given "within a reasonable time in view of all the facts and circumstances of the case." *Haston v. Transamerica Ins. Servs.*, 662 So.2d 1138, 1141 (Ala. 1995). In making this determination, Alabama law considers only two factors: the length of the delay and the reasons for the delay. *Id.*

It is readily apparent that twenty-two months is an excessive lapse of time between notice of a claim to the insured and notice to the insurer. *See, e.g., id.* (delay of two years unreasonable); *Liberty Mutual Ins. co. v. Bob Roberts & Co., Inc.* 357 So.2d 968 (1978) (delay of 16 months unreasonable); *Birmingham Boys' Club, Inc. v. Transamerica Ins. Co.*, 325 So.2d 167, 169 (1976) (delay of eight months unreasonable). Such a delay, absent extenuating circumstances, would allow USF&G to avoid what would otherwise be its duty to defend and indemnify.

The only real question, then, is whether the Town offers any cognizable reason to excuse the delay. In its opposition to summary judgment, the Town necessarily relies on the assumption that Young and Willis are agents of USF&G such that notice to them is notice to USF&G. Though the Town offers no "argument in the alternative" in the event that it fails, as it has, to persuade this court that Young and Willis are agents for the purpose of notice to USF&G, this court is obligated to make all permissible inferences in light favor of the non-movant. The court therefore anticipates the Town's argument that the twenty-two month delay is excused by the Town's good faith belief that it need not notify USF&G of Guajardo's claims if it notified Young.

Yet, even this favorable assumption cannot save the Town, because

6

the Alabama Supreme Court has held that a similar excuse does not justify a two year delay in notification. *Aetna Ins. Co. v. Spring Lake, Inc.*, 350 So.2d 397, 401 (Ala. 1977). In *Aetna Insurance Co. v. Spring Lake, Inc.* a drowning occurred on June 9, 1973 at a recreational facility owned by Spring Lake, Inc. ("Spring Lake"). Spring Lake was served with a complaint on October 12, 1973. Spring Lake had obtained an insurance contract with Aetna Insurance Co. ("Aetna") through Jackson Insurance Agency ("Jackson"), an independent agent. Spring Lake did not review the policy upon learning of the accident, but instead had an employee telephone Jackson. A Jackson representative told the employee that Spring Lake's liability coverage was not effective at the time of the accident. Relying upon the agency's representation, Spring Lake did not inform Aetna of the pending claims against it. Spring Lake later discovered that its policy was indeed in effect at the time of the accident and notified Aetna of the claims on June 16, 1975, over two years after the drowning and twenty-one months after the underlying action had been initiated.

The Alabama Supreme Court held that Spring Lake's reliance on the phone call to Jackson did not justify the delay in notifying Aetna, despite Spring Lake's good faith belief in the assertion that the policy was not effective at the time of the drowning. In other words, a good faith reliance on the representations of an entity that <u>DID</u> enjoy an agency relationship with the insurance company was insufficient to excuse a delay in notification. This court therefore has no trouble holding that the Town's good faith reliance on the representations (for example, that Willis and/or Young was an agent of USF&G and that the Town need not provide notification to USF&G directly) of an entity that <u>DID</u> <u>NOT</u> enjoy an agency relationship with the insurance company is wholly insufficient to excuse a delay in notification.

7

**Guajardo**

Having concluded that no agency relationship existed between Young and USF&G and that the Town offers no reasonable excuse to justify its twenty-two month delay in notification, the court now considers what effect, if any, these conclusions have Guajardo's position in this declaratory judgment action.

The Alabama Supreme Court has consistently held that an injured party acquires a vested interest in the terms of its opposing party's insurance policy, but that any terms imposing obligations on the insured are effective as against the injured party. *Haston*, 662 So.2d at 1139. In short, Guajardo is also subject to the requirement in USF&G's policy that it receive notice of claims "as soon as practicable." *See id.; see also State Farm Fire & Casualty Co. v. Wiggins*, 972 F.Supp. 570 (M.D. Ala. 1997).

Guajardo has not responded in any way to USF&G's motion for summary judgment. USF&G has carried its burden on its Rule 56 motion vis-a-vis Guajardo. USF&G is therefore entitled to judgment as a matter of law as against Guajardo even if it were not so entitled as against its insured.

**Conclusion**

The Town has presented insufficient evidence to show that an agency relationship existed between Young, Willis and USF&G. In the absence of an agency relationship, notice to Young at Willis in November and December of 1996 does not constitute notice to USF&G.

USF&G did not receive notice until September 2, 1998. A twenty-two month delay is unreasonable as a matter of law unless some extenuating circumstances exist to justify the delay. The Town's good faith reliance

8

on the representations of Young and or Willis do not qualify as the type of extenuating circumstances that could justify such a delay. USF&G is therefore entitled to judgment as a matter of law. A separate order granting USF&G's motion for summary judgment will be entered separately.

DONE this __30th__ day of April, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE